FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Artem Igoshev

Plaintiffs,

v.

**Civil Action No.: ELM-17-1363**

National Security Agency/Central Security Service

Defendants.

CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

* * * * * * * * * * * * * *

# PLAINTIFF MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT.

I, Artem Igoshev, hereby oppose Defendant motions to dismiss for summary judgment in accordance with federal rules Fed. R. Civ. P. 12. end Fed. R. Civ. P 56. The grounds supporting this motion are set forth in the Affidavit of Artem Igoshev, sworn to on 13 of October, 2017 and the memorandum in opposition.

Respectfully Submitted,

Date: October 13, 2017

Name , Surname: Artem Igoshev
Street Address: Lenigradski ,house 79(B)#18
City and County: Vologda, Vologodskai Oblast
State and Zip Code: Russian Federation ,160017
Telephone Number: +7 921 683 4899
E-mail Address: aaron.igoshev2013@gmail.com

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

Artem Igoshev

Plaintiffs,

v.  Civil Action No.: ELM-17-1363

National Security Agency/Central Security Service

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiffs in the above-captioned action respectfully move the Court to enter partial summary judgment. Plaintiffs hereby seeks a partial summary judgment on a point of law, stating that information containing violation of the law *jus cogens* norm against torture in particular, cannot be subject to Exemptions 1 and 3 in accordance with FOIA, 5 U.S.C. § 552. If violations of a law are concealed as the result of classification, the justice becomes impossible under these circumstances. The Exemptions 1 and 3 under FOIA, 5 U.S.C. § 552 are not applicable to this information. The grounds supporting this motion are set forth in the Memorandum in support.

Respectfully Submitted,

Date: October 13, 2017

_____

Name, Surname: Artem Igoshev
Street Address: Lenigradski, house 79(B)#18
City and County: Vologda, Vologodskai Oblast
State and Zip Code: Russian Federation, 160017
Telephone Number: +7 921 683 4899
E-mail Address: aaron.igoshev2013@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Artem Igoshev

Plaintiffs,

v.   Civil Action No.: ELM-17-1363

National Security Agency/Central Security Service

Defendants.

## PLAINTIFF MEMORANDUM IN OPPOSITION TO DEFENDANT MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT.

Plaintiff Artem Igoshev, represents himself in court, respectfully submits this memorandum in support of its motion in opposition to defendant motion to dismiss, or alternatively, for summary judgment in accordance with federal rules Fed. R. Civ. P. 12.end Fed. R. Civ. P 56.

### INTRODUCTION

Plaintiff put the law under the Freedom of Information Act (FOIA), 5 U.S.C. 552 (a) (4) (B), trying to find information about himself. As the information the Plaintiff requested proved the crime against him this information is necessary for further trials of parties in fault see Complaint 3. In that context improper classification was obvious as the information could not be legally withheld.

The FOIA is governed by EO 13526 that states that an exemption cannot be applied to crime information Sec. 1.7.(a) 1. Conceal violations of law, inefficiency, or administrative error. Exemption 1 of FOIA is applied fully based on EO 13526. Crime concealment is inadmissible and an attempt to do it cannot be legally sound as it will be direct opposite of the words and meaning in Sec. 1.7.(a) 1. The provisions of 50 U.S.C. 3024 are applied under exemption 3 of the FOIA, which contains the reference to EO 13526 as it governs the application (50 U.S.C. 3024 (i) (2)(A) Classification of information under applicable law, Executive orders, or other Presidential directives)[1]

---

[1] Section 102(A)(i)(l) of the Intelligence Reform and Terrorism Prevention Act of 2004 is fully identical to 50 U.S.C. 3024(i)(1) "[t]he Director of National Intelligence shall protect the intelligence sources and methods from unauthorized disclosure."a Section 102(A)(i)(1)(2)(A) is fully identical to 50 U.S.C. 3024 (i) (2)(A) "Classification of information under applicable law, Executive orders, or other Presidential directives.

A reference to EO 13526 is evidently expressed; information classification is not permitted without Executive orders. The Exemption 3 (FOIA) is also refer to 18 U.S.C. 798 everything comes to classification issue in the context of the law. Based on the direct meaning of the words EO 13526 Sec. 1.7.(a) 1 is applied for exemption 3 of the FOIA as well. As it follows from the EO 13526 Sec. 1.7.(a) 1 the crimes cannot be concealed in terms if exemption 3. As it follows from the Executive orders 13526 the crimes cannot be eligible for Exemptions 1 and 3, and the words should not be defined reversely aimed at free interpretation. If violations of a law are concealed as the result of classification, the justice becomes impossible under these circumstances. The Exemptions 1 and 3 under FOIA, 5 U.S.C. § 552 are not applicable to this information. The final goal of that is to bring the persons breaking the law to justice.

The defendant decided to move to motion to dismiss, or alternatively, for summary judgment. In the memo supporting which the defendant just on paper voided to justify all key points stated in Complaint .see declaration Sherman at 24. Concealment of law-breaking any way keeps the breach of a law from justice as well, which is not acceptable under no circumstances Sec. 1.7.(a) 1, EO 13526.

Your Honors pleas pay your attention that the defendant didn't deny the way of use of facts to the law I stated. The key point in my complaint was that law breaking cannot be concealed under Exemptions 1 and 3 of the FOIA. Therefore this can be deemed as defendant's implicit acceptance of the statement.

I send motion for partial summary judgment as separate document, it contains the key point of my complaint in brief and the defendant's response to it is very important.

## STATEMENT OF FACTS

I made a request under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and after final dismissal put the law using an opportunity provided by 5 U.S.C. 552 (a) (4) (B). The Plaintiff has a right to request a material as it is directly related to him. See Affidavit of Artem Igoshev at 1.

The requested material has a great legal effect as it will be used as a ground for a lawsuit to the European Court of Human Rights See Affidavit of Artem Igoshev at 2.

The information withheld by NSA from the Plaintiff is the information of violations of laws that reached *jus cogens* status in the international law see Affidavit of Artem Igoshev at 3,4. It is in particular indubitable evidence of violation of International Covenant' on Civil and Political Rights and Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment see Complaint. at 5.

Classification of law violations leads to crime concealment, but the information cannot be classified for concealing the law violations Sec. 1.7.(a) 1. EO 13526. The information has been improperly classified as it conceals violation of a law. See Affidavit of Artem Igoshev at 5, 6. The classification led to crime concealment, and nothing is known about it as a result. This is a simple cause and effect relationship. Besides, violation of a law has been concealed within a long period of time.

**Statement of circumstances that will probably occur in hearing of the case at later stages**

I referred to sec. 1.7 (a) 2, FOIA in my complaint. See Complaint at 6. I can only provide with the interdepartmental memorandum (EXHIBIT 2) at the moment. It implicitly proves improper classification.

It is probable that the solid grounds will appear to consider sec. 1.7(a) 2. FOIA more than appropriate at the later stage of a trial. At pretrial conference stage in particular with evidence-based opportunity to appear.

**Analysis declaration David J. Sherman**

The final response to the request FOIA Case.No:79355/ Appeal: 4081(EXHIBIT1) was sent to me on December 12, 2017. I'm going to dispute it in the court and defendant motion to dismiss, or alternatively, for summary judgment was lodged with declaration of Sherman. I think that the honorable judges shall draw attention to some curiosities I found in declaration of Sherman.

I compared the Final response to request FOIA (EXHIBIT 1) with declaration of Sherman and found out new reference to Section 1.4(g) in it. see declaration of Sherman at 21. Moreover the Director of National Intelligence is referred to in another way see declaration Sherman at 10, 30. But this will have no effect on the record as the verbal content is fully identical[3]. The classification issue is on the table again «[c]ould harmour national security and severely undermine NSA/CSS activities general» See (EXHIBIT 1). But in this time is says «[c]ould be expected to cause exceptionally grave damage to national security see declaration Sherman at 20. It is obvious that classification level was up to maximum due to adding Section 1.4 (g), EO13526 apparently, and it happened after Complaint.

The final response in term of FOIA, 5 U.S.C. 552 which is appealed in the court, shall be full and it is not supposed to be supplemented by Affidavit. As the Complaint is written based on the final response. And it is always wonder when additional Section under FOIA is discovered and classification level is up. The issue of proper classification is on the table again as it was changed only after I went to the law. At that the defendant is trying to get the dismiss, or alternatively, for summary judgment.

Classification is used as technical capability «An agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption.» see. (EXHIBIT 6)

Declarations David J. Sherman states that "targets" means what is aimed by a signal intercept program see declarations Sherman at 9. David J. Sherman describes hypothetic danger of present and future activities on signal gathering from "targets" see declarations Sherman at 9. Then those "targets" that have been overage and out of function are in the question. The information was obtained from them but a threat was not described in the Declarations. Sherman. So if there is no harm described the information may be provided. This is important as it admits

3

acquisition incomplete information. I decided to draw attention to it as it is important to my mind and a point was made time and again in the see Complaint at 22,23,26,30.

If the whole information cannot be disclosed for some reason, then it is possible to produce the unclassified portions on my request. Glomar response is appropriate when "to confirm or deny the existence of records. . . would cause harm cognizable under a FOIA exception." Gardels v. CIA, 689 F.2d 1100, 1103 (D.C. Cir. 1982). There exists a possibility to issue for me the data received from the "targets" currently used-up, since the hazard of harm featured above in no longer hanging over the national security, and the Glomar response rule cannot be applied to my particular case.

### Plaintiff's view on trial after analysis

Suppose that there is a criminal gang that breaks a law on a regular basis perpetrating crimes. And there is a security service that keeps an eye over it as the criminal gang makes a threat. The criminals can be brought to justice using judiciary system and then no threat will come from them. But the security service thinks they shouldn't do it as a lot of money and time was invested into the possibility to obtain information about criminal activity. This is the defendant's logic applicable to the facts in the case. I'm trying to prove that it is the judge who draws the line and no money and time will be lost as the threat will be gone alongside with punishment of guilty persons.

It may look naive but if there is a potential future harm for national security and defence, the defendant refers to, a potential of future improvement of national security and defence exists as well. This improvement will be hypothetic as well and it can be described. This doesn't mean that it will happen that it can be seen in words. The main reason of this optimistic outlook is the very simple idea namely the punishment for a crime is the main reason for keeping within the law. If a crime is solved and established to the satisfaction of the court, by virtue of unavoidable consequences the threats will either disappear at all or not be a threat any more as the occasion requires acting within legal frameworks.

Mr. Sherman repeatedly speaks about danger and threat coming from adversary. see declarations Sherman at 8,9,22. Under these circumstances the reason of use of information I'm trying to obtain is coming on the line but not a fact of its presence. In case of judicial decision I eliminate the threat see Complain at 3. There is some paradox as with such a view at the grounds of the document Mr. Sherman protects adversary US against a landmark case.

The Plaintiff repeatedly suggested NSA pre-trial and probably change of request. But NSA always ignored or denied these proposals. There are a lot of options including agreement on direct submission of the materials available or updated to the European Court of Human Rights by-passing the Plaintiff. The Plaintiff is also ready to provide the defendant with the required delay. An obstruction of justice could be found under a certain look at the circumstances of the

case but this is not stated in any law or documents cited by the defendant to support his stand point.

## ARGUMENT

Standard of hearing applicable to the circumstances of the case

The Senate Report accompanying FOIA describes the purpose of the bill by quoting President James Madison: "Knowledge will forever govern ignorance, and a people who mean to be their own governors, must arm themselves with the power knowledge gives." Clarifying and Protecting the Right of the Public to Information, S Rep No 89-813, 89th Cong, 1st Sess 2-3 (1966). The House strived to create a "workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." HR Rep No 89-1497 at 2423 (cited in note 14). FOIA was intended "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (internal quotation marks omitted).

The Plaintiff requested for information under FOIA and applied the right given by 5 U.S.C. 552 (a) (4) to go to the law after final denial. see Complaint 1. The defendant claim that the material requested is subject to Exemptions 1 and 3 in terms of FOIA see (EXHIBIT 1). All exemptions to the Act shall be narrowly construed and with a strong stand point on material disclosure.

"Although Congress enumerated nine exemptions from the disclosure requirement, `these limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act.'" *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C.Cir.2002) (quoting Rose, 425 U.S. at 361, 96 S.Ct. 1592). "At all times[,] courts must bear in mind that FOIA mandates a `strong presumption in favor of disclosure,'" id. (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)), "and that the statutory exemptions, which are exclusive, are to be `narrowly construed,'" id. (quoting Rose, 425 U.S. at 361, 96 S.Ct. 1592). As the Supreme Court reminded appellate courts, it has "often noted the Act's goal of broad disclosure and insisted that the exemptions be given a narrow compass." *Milner v. Dep't of the Navy*, ___ U.S. ___, 131 S.Ct. 1259, 1265, 179 L.Ed.2d 268 (2011) (internal quotation marks omitted). -- *American Civil Liberties Union v. United States Department of Justice*, 655 F.3d 1, 5-6 (D.C. Cir. 2011)

FOIA is governed by EO 13526, it says that exemptions cannot be applied to any information about crimes Sec. 1.7.(a) 1.Conceal violations of law, inefficiency, or administrative error. This case is about crimes, it's clear from see Affidavit of Artem Igoshev at 5.This circumstance of the case shall be deemed as a fact. The laws were violated with *Jus cogens* achieved. see Complaint at 5,9,29.

I think that assertion on that information was not classified for concealment of violations of a law, cannot be deemed reasonable see Declarations Sherman at 24. As a result of classification a

crime is concealed and nothing is known about it, this is simple cause and effect relationship. Moreover violation of a low is being concealed for very long period of time. The law-breakers can escape from justice but this couldn't be implied in the law. Crime concealment can be assumed unacceptable unless it shall to lead for law-breakers to go to trial.

I treat the requested materials as indubitable evidence of the crime see Complaint at 3. Therefore its withholding leads to both concealment of law violation and obstruction to justice see Affidavit Artem Igoshev at 2.

Scope of application of Exemption 1 of FOIA is strictly limited (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order). We see that all classification is based on Executive order 13526, Sec. 1.7.(a) 1 prohibits to conceal any law violation. Therefore improper classification took place.

The Exemption 3 is also refer to 18 U.S.C. 798 everything comes to classification issue in the context of the law, if information is confidential it cannot be disclosed, but I claim that it has been improperly classified see Complaint at 26.

The Exemption 3 of FOIA contains the reference to Section 6 of the National Security Agency Act of 1959,Public Law 86-36 Given the FOIA's broad disclosure policy, the United States Supreme Court has "consistently stated that FOIA exemptions are to be narrowly construed." *U.S. Dep'tofJusticev. Julian*, 486 U.S. 1, 8, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). This interpretation can be understood word-for-word only that the information can be disclosed."FOIA undoubtedly demands a liberal presumption of disclosure, . . . [an] unduly strict reading of Exemption 3 strangles Congress's intent." Wis. Project, 317 F.3 dat 283. It is very important that I'm trying to use the information and this is a legal trial see Affidavit of at 2. Therefore the information I requested doesn't fall within Section 6 of the National Security Agency Act of 1959, Public Law86-36 as it states nothing about obstruction to justice and possibility for concealment of law violations in essence see Affidavit of Artem Igoshev at 3. National Security Agency Act of 1959 just couldn't have any opportunity to conceal law violations upon congress's intent. The content information and a purpose of its use come on the line under this point of view."You may challenge whether the material you requested falls within the scope of records that may be withheld under the statute. "*CIA v. Sims*, 471 U.S. 159, 168 (1985). The information shall be classified by its content "Rather, the classified information must be considered on the basis of its content." EO 13526 Sec. 3.1. (g) 3.3.

If violations of a law are concealed as the result of classification, the justice becomes impossible under these circumstances. The Exemptions 1 and 3 under FOIA, 5 U.S.C. § 552 are not applicable to this information.

International Covenant on Civil and Political Rights PART II, Article 2(a) states the effective remedy. The best remedy for me is the legal proceeding to continue.

6

## Standard of Review

### Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[T]he motion should not be granted 'unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.'" *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court must treat the complaint's factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Id. Plaintiff must allege facts that "state a claim to relief that is plausible on its face," facts that "have nudged their claims across the line from conceivable to plausible." *Colie v. Carter Bank & Trust*, Inc., 2010 WL 2025485, at *5 (W.D. Va. May 19, 2010). Motions to dismiss for failure to state a claim are accordingly viewed with disfavor and are rarely granted. See *McNair v. Lend Lease Trucks*, 95 F.3d 325, 328 (4th Cir. 1996). As set forth higher, each of Plaintiff's claims rests on factual allegations that easily satisfy the pleading standards of Fed. R. Civ. P. 12(b)(6), as described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In memorandum in opposition to defendant motion to dismiss, or alternatively, for summary judgment, the claims for help based on the facts and applications to it were made. To win a motion to dismiss, the defendant must show that the plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). As the claims were duly made using applicable laws please dispose the Motion to Dismiss.

### Motion for Summary Judgment

"Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used." Notes of Advisory Committee on Rules—1937 Federal Rules 56. A material fact is one that "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). It is generally understood that when considering a motion for summary judgment a court must "draw all justifiable inferences in the nonmoving party's favor and accept [that] nonmoving party's evidence as true." *Greene v. Amritsar Auto Servs.* Co., 206 F. Supp. 2d 4, 7 (D.D.C. 2002) (citing Anderson, 477 U.S. at 255). In making this determination, a court may not decide issues of credibility, must view all facts and inferences in the light most favorable to the nonmoving party, and must deny summary udgment where conflicting inferences may be drawn from the facts. Id. at 255; *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) ("the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion."). "Bjecause summary judgment is a drastic remedy, courts should grant it with caution so that no person will be deprived of his or her day in court to prove a disputed material factual issue." See *Greenberg v FDA*, 803 F2d 1213, 1216 (DC Cir 1986) Summary judgment is appropriate when there are no facts "susceptible to divergent inferences bearing upon an issue critical to disposition of the case."" *Alyeska Pipeline Service Co v EPA*, 856 F2d 309,314 (DC Cir 1988). Based on the facts stated in the Affidavit Artem Igoshev which are crucial for the trial as a whole, please dismiss the Summary Judgment Defendant plea. Fact issues are raised essentially at any discretion.

## CONCLUSION

Based on the above the Plaintiff requests to dismiss defendant motion to dismiss, or alternatively, for summary judgment. As the claim has been duly made, and a material fact issue has been raised.

Respectfully Submitted,

Date: <u>October 13, 2017</u>

Name , Surname: Artem Igoshev
Street Address: Lenigradski ,house 79(B)#18
City and County: Vologda, Vologodskai Oblast
State and Zip Code: Russian Federation ,160017
Telephone Number: +7 921 683 4899
E-mail Address: aaron.igoshev2013@gmail.com

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Artem Igoshev

Plaintiffs,

v.                                                   **Civil Action No.: ELM-17-1363**

National Security Agency/Central Security Service

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF MEMORANDUM IN OPPOSITION TO DEFENDANT MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT.

Plaintiff Artem Igoshev, represents himself in court, respectfully submits this memorandum in support of its motion in opposition to defendant motion to dismiss, or alternatively, for summary judgment in accordance with federal rules Fed. R. Civ. P. 12.end Fed. R. Civ. P 56.

## INTRODUCTION

Plaintiff put the law under the Freedom of Information Act (FOIA), 5 U.S.C. 552 (a) (4) (B), trying to find information about himself. As the information the Plaintiff requested proved the crime against him this information is necessary for further trials of parties in fault see Complaint 3. In that context improper classification was obvious as the information could not be legally withheld.

The FOIA is governed by EO 13526 that states that an exemption cannot be applied to crime information Sec. 1.7.(a) 1. Conceal violations of law, inefficiency, or administrative error. Exemption 1 of FOIA is applied fully based on EO 13526. Crime concealment is inadmissible and an attempt to do it cannot be legally sound as it will be direct opposite of the words and meaning in Sec. 1.7.(a) 1. The provisions of 50 U.S.C. 3024 are applied under exemption 3 of the FOIA, which contains the reference to EO 13526 as it governs the application (50 U.S.C. 3024 (i) (2)(A) Classification of information under applicable law, Executive orders, or other Presidential directives)[1]

---

[1] Section 102(A)(i)(l) of the Intelligence Reform and Terrorism Prevention Act of 2004 is fully identical to 50 U.S.C. 3024(i)(1) "[t]he Director of National Intelligence shall protect the intelligence sources and methods from unauthorized disclosure."a Section 102(A)(i)(1)(2)(A) is fully identical to 50 U.S.C. 3024 (i) (2)(A) "Classification of information under applicable law, Executive orders, or other Presidential directives.

A reference to EO 13526 is evidently expressed; information classification is not permitted without Executive orders. The Exemption 3 (FOIA) is also refer to 18 U.S.C. 798 everything comes to classification issue in the context of the law. Based on the direct meaning of the words EO 13526 Sec. 1.7.(a) 1 is applied for exemption 3 of the FOIA as well. As it follows from the EO 13526 Sec. 1.7.(a) 1 the crimes cannot be concealed in terms if exemption 3. As it follows from the Executive orders 13526 the crimes cannot be eligible for Exemptions 1 and 3, and the words should not be defined reversely aimed at free interpretation. If violations of a law are concealed as the result of classification, the justice becomes impossible under these circumstances. The Exemptions 1 and 3 under FOIA, 5 U.S.C. § 552 are not applicable to this information. The final goal of that is to bring the persons breaking the law to justice.

The defendant decided to move to motion to dismiss, or alternatively, for summary judgment. In the memo supporting which the defendant just on paper voided to justify all key points stated in Complaint .see declaration Sherman at 24. Concealment of law-breaking any way keeps the breach of a law from justice as well, which is not acceptable under no circumstances Sec. 1.7.(a) 1, EO 13526.

Your Honors pleas pay your attention that the defendant didn't deny the way of use of facts to the law I stated. The key point in my complaint was that law breaking cannot be concealed under Exemptions 1 and 3 of the FOIA. Therefore this can be deemed as defendant's implicit acceptance of the statement.

I send motion for partial summary judgment as separate document, it contains the key point of my complaint in brief and the defendant's response to it is very important.

## STATEMENT OF FACTS

I made a request under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and after final dismissal put the law using an opportunity provided by 5 U.S.C. 552 (a) (4) (B). The Plaintiff has a right to request a material as it is directly related to him. See Affidavit of Artem Igoshev at 1.

The requested material has a great legal effect as it will be used as a ground for a lawsuit to the European Court of Human Rights See Affidavit of Artem Igoshev at 2.

The information withheld by NSA from the Plaintiff is the information of violations of laws that reached *jus cogens* status in the international law see Affidavit of Artem Igoshev at 3,4. It is in particular indubitable evidence of violation of International Covenant' on Civil and Political Rights and Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment see Complaint. at 5.

Classification of law violations leads to crime concealment, but the information cannot be classified for concealing the law violations Sec. 1.7.(a) 1. EO 13526. The information has been improperly classified as it conceals violation of a law. See Affidavit of Artem Igoshev at 5, 6. The classification led to crime concealment, and nothing is known about it as a result. This is a simple cause and effect relationship. Besides, violation of a law has been concealed within a long period of time.

### Statement of circumstances that will probably occur in hearing of the case at later stages

I referred to sec. 1.7 (a) 2, FOIA in my complaint. See Complaint at 6. I can only provide with the interdepartmental memorandum (EXHIBIT 2) at the moment. It implicitly proves improper classification.

It is probable that the solid grounds will appear to consider sec. 1.7(a) 2. FOIA more than appropriate at the later stage of a trial. At pretrial conference stage in particular with evidence-based opportunity to appear.

### Analysis declaration David J. Sherman

The final response to the request FOIA Case.No:79355/ Appeal: 4081(EXHIBIT1) was sent to me on December 12, 2017. I'm going to dispute it in the court and defendant motion to dismiss, or alternatively, for summary judgment was lodged with declaration of Sherman. I think that the honorable judges shall draw attention to some curiosities I found in declaration of Sherman.

I compared the Final response to request FOIA (EXHIBIT 1) with declaration of Sherman and found out new reference to Section 1.4(g) in it. see declaration of Sherman at 21. Moreover the Director of National Intelligence is referred to in another way see declaration Sherman at 10, 30. But this will have no effect on the record as the verbal content is fully identical[3]. The classification issue is on the table again «[c]ould harmour national security and severely undermine NSA/CSS activities general» See (EXHIBIT 1). But in this time is says «[c]ould be expected to cause exceptionally grave damage to national security see declaration Sherman at 20. It is obvious that classification level was up to maximum due to adding Section 1.4 (g), EO13526 apparently, and it happened after Complaint.

The final response in term of FOIA, 5 U.S.C. 552 which is appealed in the court, shall be full and it is not supposed to be supplemented by Affidavit. As the Complaint is written based on the final response. And it is always wonder when additional Section under FOIA is discovered and classification level is up. The issue of proper classification is on the table again as it was changed only after I went to the law. At that the defendant is trying to get the dismiss, or alternatively, for summary judgment.

Classification is used as technical capability «An agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption.» see. (EXHIBIT 6)

Declarations David J. Sherman states that "targets" means what is aimed by a signal intercept program see declarations Sherman at 9. David J. Sherman describes hypothetic danger of present and future activities on signal gathering from "targets" see declarations Sherman at 9. Then those "targets" that have been overage and out of function are in the question. The information was obtained from them but a threat was not described in the Declarations. Sherman. So if there is no harm described the information may be provided. This is important as it admits

3

acquisition incomplete information. I decided to draw attention to it as it is important to my mind and a point was made time and again in the see Complaint at 22,23,26,30.

If the whole information cannot be disclosed for some reason, then it is possible to produce the unclassified portions on my request. Glomar response is appropriate when "to confirm or deny the existence of records... would cause harm cognizable under a FOIA exception." Gardels v. CIA, 689 F.2d 1100, 1103 (D.C. Cir. 1982). There exists a possibility to issue for me the data received from the "targets" currently used-up, since the hazard of harm featured above in no longer hanging over the national security, and the Glomar response rule cannot be applied to my particular case.

### Plaintiff's view on trial after analysis

Suppose that there is a criminal gang that breaks a law on a regular basis perpetrating crimes. And there is a security service that keeps an eye over it as the criminal gang makes a threat. The criminals can be brought to justice using judiciary system and then no threat will come from them. But the security service thinks they shouldn't do it as a lot of money and time was invested into the possibility to obtain information about criminal activity. This is the defendant's logic applicable to the facts in the case. I'm trying to prove that it is the judge who draws the line and no money and time will be lost as the threat will be gone alongside with punishment of guilty persons.

It may look naive but if there is a potential future harm for national security and defence, the defendant refers to, a potential of future improvement of national security and defence exists as well. This improvement will be hypothetic as well and it can be described. This doesn't mean that it will happen that it can be seen in words. The main reason of this optimistic outlook is the very simple idea namely the punishment for a crime is the main reason for keeping within the law. If a crime is solved and established to the satisfaction of the court, by virtue of unavoidable consequences the threats will either disappear at all or not be a threat any more as the occasion requires acting within legal frameworks.

Mr. Sherman repeatedly speaks about danger and threat coming from adversary. see declarations Sherman at 8,9,22. Under these circumstances the reason of use of information I'm trying to obtain is coming on the line but not a fact of its presence. In case of judicial decision I eliminate the threat see Complain at 3. There is some paradox as with such a view at the grounds of the document Mr. Sherman protects adversary US against a landmark case.

The Plaintiff repeatedly suggested NSA pre-trial and probably change of request. But NSA always ignored or denied these proposals. There are a lot of options including agreement on direct submission of the materials available or updated to the European Court of Human Rights by-passing the Plaintiff. The Plaintiff is also ready to provide the defendant with the required delay. An obstruction of justice could be found under a certain look at the circumstances of the

case but this is not stated in any law or documents cited by the defendant to support his stand point.

## ARGUMENT

Standard of hearing applicable to the circumstances of the case

The Senate Report accompanying FOIA describes the purpose of the bill by quoting President James Madison: "Knowledge will forever govern ignorance, and a people who mean to be their own governors, must arm themselves with the power knowledge gives." Clarifying and Protecting the Right of the Public to Information, S Rep No 89-813, 89th Cong, 1st Sess 2-3 (1966). The House strived to create a "workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." HR Rep No 89-1497 at 2423 (cited in note 14). FOIA was intended "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (internal quotation marks omitted).

The Plaintiff requested for information under FOIA and applied the right given by 5 U.S.C. 552 (a) (4) to go to the law after final denial. see Complaint 1. The defendant claim that the material requested is subject to Exemptions 1 and 3 in terms of FOIA see (EXHIBIT 1). All exemptions to the Act shall be narrowly construed and with a strong stand point on material disclosure.

"Although Congress enumerated nine exemptions from the disclosure requirement, 'these limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act.'" *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C.Cir.2002) (quoting Rose, 425 U.S. at 361, 96 S.Ct. 1592). "At all times[,] courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure,'" id. (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)), "and that the statutory exemptions, which are exclusive, are to be 'narrowly construed,'" id. (quoting Rose, 425 U.S. at 361, 96 S.Ct. 1592). As the Supreme Court reminded appellate courts, it has "often noted the Act's goal of broad disclosure and insisted that the exemptions be given a narrow compass." *Milner v. Dep't of the Navy*, ___ U.S. ___, 131 S.Ct. 1259, 1265, 179 L.Ed.2d 268 (2011) (internal quotation marks omitted). -- *American Civil Liberties Union v. United States Department of Justice*, 655 F.3d 1, 5-6 (D.C. Cir. 2011)

FOIA is governed by EO 13526, it says that exemptions cannot be applied to any information about crimes Sec. 1.7.(a) 1.Conceal violations of law, inefficiency, or administrative error. This case is about crimes, it's clear from see Affidavit of Artem Igoshev at 5.This circumstance of the case shall be deemed as a fact. The laws were violated with *Jus cogens* achieved. see Complaint at 5,9,29.

I think that assertion on that information was not classified for concealment of violations of a law, cannot be deemed reasonable see Declarations Sherman at 24. As a result of classification a

5

crime is concealed and nothing is known about it, this is simple cause and effect relationship. Moreover violation of a low is being concealed for very long period of time. The law-breakers can escape from justice but this couldn't be implied in the law. Crime concealment can be assumed unacceptable unless it shall to lead for law-breakers to go to trial.

I treat the requested materials as indubitable evidence of the crime see Complaint at 3. Therefore its withholding leads to both concealment of law violation and obstruction to justice see Affidavit Artem Igoshev at 2.

Scope of application of Exemption 1 of FOIA is strictly limited (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order). We see that all classification is based on Executive order 13526, Sec. 1.7.(a) 1 prohibits to conceal any law violation. Therefore improper classification took place.

The Exemption 3 is also refer to 18 U.S.C. 798 everything comes to classification issue in the context of the law, if information is confidential it cannot be disclosed, but I claim that it has been improperly classified see Complaint at 26.

The Exemption 3 of FOIA contains the reference to Section 6 of the National Security Agency Act of 1959, Public Law 86-36 Given the FOIA's broad disclosure policy, the United States Supreme Court has "consistently stated that FOIA exemptions are to be narrowly construed." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 8, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). This interpretation can be understood word-for-word only that the information can be disclosed."FOIA undoubtedly demands a liberal presumption of disclosure, . . . [an] unduly strict reading of Exemption 3 strangles Congress's intent." Wis. Project, 317 F.3 dat 283. It is very important that I'm trying to use the information and this is a legal trial see Affidavit of at 2. Therefore the information I requested doesn't fall within Section 6 of the National Security Agency Act of 1959, Public Law86-36 as it states nothing about obstruction to justice and possibility for concealment of law violations in essence see Affidavit of Artem Igoshev at 3. National Security Agency Act of 1959 just couldn't have any opportunity to conceal law violations upon congress's intent. The content information and a purpose of its use come on the line under this point of view."You may challenge whether the material you requested falls within the scope of records that may be withheld under the statute. "*CIA v. Sims*, 471 U.S. 159, 168 (1985). The information shall be classified by its content "Rather, the classified information must be considered on the basis of its content." EO 13526 Sec. 3.1. (g) 3.3.

If violations of a law are concealed as the result of classification, the justice becomes impossible under these circumstances. The Exemptions 1 and 3 under FOIA, 5 U.S.C. § 552 are not applicable to this information.

International Covenant on Civil and Political Rights PART II, Article 2(a) states the effective remedy. The best remedy for me is the legal proceeding to continue.

## Standard of Review

### Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[T]he motion should not be granted 'unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.'" *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court must treat the complaint's factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Id. Plaintiff must allege facts that "state a claim to relief that is plausible on its face," facts that "have nudged their claims across the line from conceivable to plausible." *Colie v. Carter Bank & Trust*, Inc., 2010 WL 2025485, at *5 (W.D. Va. May 19, 2010). Motions to dismiss for failure to state a claim are accordingly viewed with disfavor and are rarely granted. See *McNair v. Lend Lease Trucks*, 95 F.3d 325, 328 (4th Cir. 1996). As set forth higher, each of Plaintiff's claims rests on factual allegations that easily satisfy the pleading standards of Fed. R. Civ. P. 12(b)(6), as described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In memorandum in opposition to defendant motion to dismiss, or alternatively, for summary judgment, the claims for help based on the facts and applications to it were made. To win a motion to dismiss, the defendant must show that the plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). As the claims were duly made using applicable laws please dispose the Motion to Dismiss.

### Motion for Summary Judgment

"Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used." Notes of Advisory Committee on Rules—1937 Federal Rules 56. A material fact is one that "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). It is generally understood that when considering a motion for summary judgment a court must "draw all justifiable inferences in the nonmoving party's favor and accept [that] nonmoving party's evidence as true." *Greene v. Amritsar Auto Servs. Co.*, 206 F. Supp. 2d 4, 7 (D.D.C. 2002) (citing Anderson, 477 U.S. at 255). In making this determination, a court may not decide issues of credibility, must view all facts and inferences in the light most favorable to the nonmoving party, and must deny summary udgment where conflicting inferences may be drawn from the facts. Id. at 255; *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) ("the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion."). "Bjecause summary judgment is a drastic remedy, courts should grant it with caution so that no person will be deprived of his or her day in court to prove a disputed material factual issue." See *Greenberg v FDA*, 803 F2d 1213, 1216 (DC Cir 1986) Summary judgment is appropriate when there are no facts "susceptible to divergent inferences bearing upon an issue critical to disposition of the case.'"" *Alyeska Pipeline Service Co v EPA*, 856 F2d 309, 314 (DC Cir 1988). Based on the facts stated in the Affidavit Artem Igoshev which are crucial for the trial as a whole, please dismiss the Summary Judgment Defendant plea. Fact issues are raised essentially at any discretion.

## CONCLUSION

Based on the above the Plaintiff requests to dismiss defendant motion to dismiss, or alternatively, for summary judgment. As the claim has been duly made, and a material fact issue has been raised.

Date: October 13, 2017

Respectfully Submitted,

Name , Surname: Artem Igoshev
Street Address: Lenigradski ,house 79(B)#18
City and County: Vologda, Vologodskai Oblast
State and Zip Code: Russian Federation ,160017
Telephone Number: +7 921 683 4899
E-mail Address: aaron.igoshev2013@gmail.com

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Artem Igoshev

Plaintiffs,

v.                                                                                     Civil Action No.: ELM-17-1363

National Security Agency/Central Security Service

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## Affidavit of Artem Igoshev.

1. This is to declare I submit a request in terms of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, after dismissal I appealed it and went to the law after final dismissal. No lawyer presented me. I wrote all judicial documents brought to the court. It took some time for me to make the request under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and have been looking for any other opportunities to get the much-needed for me information for a long time. As my request is directly related to my life I have a right to testify on the issues stated therein.

2. In order to provide the necessary context for the discussion that follows, I would like to explain the purpose of the material. First of all it is necessary to a proceeding before the European Court of Human Rights.see Complete 3.

3 I declare that I have been suffering and is still suffering heavy psychological and physiological pains of different intensity through a vast period of my life. I gave no consent to it and everything happened against my will. I also assent that these actions violate international laws.

4. Some actions comply with (EXHIBIT 3) upon description. Everything that takes place has greatly adverse effect on my life, health, and plans for future. Now I'm seeking to legal evaluation of everything happened.

5. I declare and assent that information I'm requesting under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, about myself is the information about law-breaking. Therefore its presence will be both a poof of a law violation and the evidence for the court. I actually contest the assertion of Mr. Sherman. *See* Sherman Declaration at 24. If the information of law-breaking is classified as secret, it is obvious that a law violation is concealed in this way that is prohibited by section 1.7 (a) 1 Executive Order ("E.O.") 13526. This real issue of information content may be crucial for delivery of judgement.

6 The classification leads to concealment of a crime and favourable grounds to continue so are laid.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8. Executed this go 13 of October, 2017, pursuant to 28 U.S.C. § 1746.

Respectfully Submitted,

Date: <u>October 13, 2017</u>

Name , Surname: Artem Igoshev
Street Address: Lenigradski ,house 79(B)#18
City and County: Vologda, Vologodskai Oblast
State and Zip Code: Russian Federation ,160017
Telephone Number: +7 921 683 4899
E-mail Address: aaron.igoshev2013@gmail.com